MICHAEL G. KING
Nevada Bar No. 8827
HENNELLY & GROSSFELD LLP
10900 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
Phone (310) 305-2100
Facsimile (310) 305-2116
mking@hgla.com

CHRISTINE M. BOOZE
Nevada Bar No. 7610
TRACEY B. HOWARD
Nevada Bar No. 4543
WINNER & BOOZE
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
cbooze@winnerfirm.com
thoward@winnerfirm.com

*Attorneys for Emerson Process Management Power & Water Solutions, Inc. and Brendan Wesolowski*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH KIM, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>BRENDAN WESOLOWSKI, an individual; EMERSON AUTOMATION SOLUTIONS, a corporation; and DOES 1-10, inclusive,<br><br>  Defendants. | CASE NO.: 2:24-cv-00785-JAD-MDC<br><br>STIPULATED AND [PROPOSED] PROTECTIVE ORDER<br><br>Assigned to: Judge Jennifer A. Dorsey<br>Magistrate Judge: Judge Maximiliano D. Couvillier III |

IT IS HEREBY STIPULATED by and between the Pmiies Plaintiff Deborah Kim and Defendants Brendan Wesolowski and Emerson Automation Solutions, Inc. by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information, and privacy rights, the Parties stipulate and

(00435:196 1)

propose as follows:

1. There is good cause for entry of a protective order because discovery in this action is likely to involve the disclosure of confidential, proprietary, or private financial information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

2. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding, *Kim v. Wesolowski et al.*, Case No. 2:24-cv-00785-JAD-MDC, United States District Court for the District of Nevada.

    b. "Court" means the Hon. Jennifer A. Dorsey, or any other District or Magistrate judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law, trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information, and privacy rights.

    d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

    e. "Designating Party" means the Party that designates Materials as "Confidential."

    f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

    g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence Sections 1001, 1002, 1003, and 1004, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

   h. "Information" means the content of Documents or Testimony.

   i. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

 3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Paiiy's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

 4. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

 5. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

 6. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

   a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Paiiy must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

   b. For Testimony given in depositions the Designating Party may either:

1004353% 1

i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Paiiy, to the extent practicable, shall identify the "Confidential" portions.

7. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such redaction, withholding, or designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information with redactions, designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document,

Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the redacted document, privilege log, or the "Confidential" designated Materials. Should the receiving Paily choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality or privilege through the inadvertent production of Documents, Testimony or Information, such law shall govern.

8. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections, (b) request a meet and confer with the Receiving Party to discuss the Designation Objections, and/or (c) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely

[00435J% [

agreed to, requested to be discussed during a meet and confer, nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

9. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party as well as any agents or vendors contracted by counsel for the purposes of providing electronic discovery or photocopying services; (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    b. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Patties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person and shall explain that such person is bound to follow the terms of such Order;

    c. court repotters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    d. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is cunently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

  e. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

  f. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person and shall explain its terms to such person. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

  g. mediators or arbitrators agreed upon by the parties;

  h. the Court; and

  i. any other person that the Designating Paity agrees to in writing.

10. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, paiticipating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

11. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Comt, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

12. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

  a. operate as an admission by any person that any paiticular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary,

confidential or competitively sensitive business, commercial, financial or personal information; or

      b.    prejudice in any way the right of any Paiiy (or any other person subject to the terms of this Stipulation and Protective Order):

          i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

          ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

13.    Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Comi for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Comi, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

14.    Any Information that may be produced by a non-Paiiy witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

15.    If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the

recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

17. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

18. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Paiiy shall advise that the designation no longer applies.

19. Where any Confidential Materials, or Information derived therefrom, is included in any motion or other proceeding governed by the Federal Rules of Civil Procedure, rule 5.2(d)-(g), the Parties and any involved non-paiiy shall follow those rules. Confidential Materials may

only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Materials at issue. If a Pmiy's request to file Confidential Materials under seal is denied by the court, then the Receiving Pmiy may file the information in the public record unless otherwise instructed by the court. With respect to discovery motions or other proceedings not governed by Federal Rules of Civil Procedure, rule 5.2(d)-(g), the following shall apply: If Confidential Materials or Information derived therefrom are submitted to or otherwise disclosed to the Comi in connection with any Comi filings, submissions, or proceedings, the same shall be separately filed under seal in accordance with the Local Rules for the District of Nevada and the Individual Rules of the District Judge and Magistrate Judge presiding over this Proceeding.

20. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

21. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move The Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

22. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Pa1iy all Confidential Materials and all copies thereof, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the

:oo.iJs.,96 J

motion referred to in sub-paragraph (c) herein. Irrespective of the above, counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, including communications, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition.

23. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Comi for entry. Counsel agrees to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

24. The terms of this Stipulated Confidentiality Agreement and Protective Order will apply to all proceedings herein except for the use of information during the trial of this matter. The parties agree that a separate confidentiality agreement will govern the trial in this matter. The parties agree to negotiate such agreement prior to commencement of trial to govern the use of Confidential information and documents during trial.

LAGSTEIN LAW FIRM, P.C.

Dated: August 14, 2024

_/s/ Eran Lagstein_____
Eran Lagstein
Nevada Bar No. 7413
5940 S. Rainbow Boulevard
Las Vegas, Nevada 89118
*Attorney for Plaintiff Deborah Kim*

HENNELLY & GROSSFELD LLP

Dated: August 14, 2024

Michael G. King
Nevada Bar No. 8827
10900 Wilshire Blvd., Suite 400
Los Angeles, California 90024
*Attorney for Defendants Brendan Wesolowski and Emerson Process Management Power & Water Solutions, Inc.*

WINNER & BOOZE

Dated: August 14, 2024

Christine.Boaz
Nevada Bar No. 7610
Tracey B. Howard
Nevada Bar No. 4543
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorney for Defendants Brendan Wesolowski and Emerson Process Management Power & Water Solutions, Inc.*

## ORDER

GOOD CAUSE APPEARING, the Judge Maximiliano D. Couvillier III hereby approves this Stipulation and Protective Order.

A party's mere "confidential" designation does not allow for such documents to be filed and maintained under seal. In addition to Fed. R. Civ. P. 5.2, the parties must comply with LR IA 10-5 and the requirements of *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny when seeking to seal or redact any document.

**IT IS SO ORDERED.**

Dated: 8/15/2024

_____
Hon. Maximiliano D. Couvillier III
UNITED STATES MAGISTRATE JUDGE

1004.15.196

CERTIFICATE OF SERVICE

I certify that on this 14th day of August 2024, the foregoing **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** was served on the parties via electronic service through the United States District Court for the District of Nevada's ECF system, and mailing by depositing with the U.S. mail in Las Vegas, Nevada, enclosed in a sealed envelope with first class postage prepaid, addressed as follows:

Eran Lagstein
LAGSTEIN LAW FIRM, P.C.
5940 South Rainbow Boulevard
Las Vegas, Nevada 89118
*Attorney for plaintiff Deborah Kim*

　　　　　　　　　　　　　　　　　　　　*/s/ Chenika Mccastle*
　　　　　　　　　　　　　　　　　　　　An employee of WINNER & BOOZE

/004-15396 1