Eran Lagstein, Esq., Nevada Bar No. 7413
LAGSTEIN LAW FIRM, P.C.
5940 S. Rainbow Blvd.
Las Vegas, NV 89118
Tel     323.330.0507
Fax     323.330.0508
eran@lagsteinlawfirm.com

Attorneys for Plaintiff,
**DEBORAH KIM**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH KIM, an individual, <br><br>       Plaintiff, <br><br> v. <br><br> BRENDAN WESOLOWSKI, an individual; EMERSON AUTOMATION SOLUTIONS, a corporation; and DOES 1-10, inclusive, <br><br>       Defendants. | CASE NO.: 2:24-cv-00785-JAD-MDC <br><br> **SEVENTH STIPULATION TO EXTEND DISCOVERY DEADLINES PURSUANT TO LR 26-3 AND [PROPOSED] ORDER** |

{00454761 }                                    1

Plaintiff, DEBORAH KIM and Defendants BRENDAN WESOLOWSKI and EMERSON PROCESS MANAGEMENT POWER & WATER SOLUTIONS, INC., by and through their respective counsel, pursuant to District of Nevada LR 26-3, hereby submit this stipulation to a continuance of discovery deadlines as follows:

**A.    STATEMENT SPECIFYING COMPLETED DISCOVERY:**

1. The parties have exchanged their FRCP 26 initial disclosures, as well as multiple supplements thereto;

2. The parties have produced documents and exchanged written discovery; and

3. The parties deposed a witness to the incident;

4. Plaintiff Deborah Kim has been deposed;

5. Defendant Brendan Wesolowski has been deposed;

6. Plaintiff expert Dr. Roman Sibel has been deposed;

7. Plaintiff expert Dr. Christopher Fisher has been deposed;

8. Defendant expert Dr. Troy Watson has been deposed;

9. Defendant expert Dr. James Forage has been deposed;

10. Plaintiff expert Dr. Mary Ann Shannon has been partially deposed.

**B.    STATEMENT OF DISCOVERY THAT REMAINS TO BE COMPLETED:**

1. Depositions of plaintiff's two remaining experts

**C.    REASONS THAT DISCOVERY WILL NOT BE COMPLETED IN THE TIME LIMITS:**

On or around February 3, 2025, the parties exchanged Initial Expert Witness Disclosures. The expert witnesses disclosed by Plaintiff and Defendants include seven retained medical type experts, six of whom are doctors with busy schedules and limited availability for depositions.  On or around May 9, 2025, the day two expert depositions (Drs. Shannon and Watson) were scheduled to be completed, Plaintiff's counsel came down with an illness which required re-scheduling of the depositions of Drs. Shannon and Watson, as well as for Dr. Forage, which was scheduled for May 14, 2025.  Dr. Shannon's deposition was concluded and rescheduled to allow her time to adjust her life care plan prior to being deposed.  Dr. Forage's deposition went forward on September 18, 2025,

but Plaintiff requested a second, continued deposition for Dr. Forage, and that deposition was completed on October 30, 2025.  Dr. Jaswinder Grover's deposition was scheduled for December 9, but due to unforeseen circumstances the deposition had to be rescheduled.  The deposition of Plaintiff's expert, Dr. Mary Ann Shannon, took place as scheduled on December 12, 2025, but was ended before completion due to an appointment conflict with one of Dr. Shannon's patients.  Dr. Grover's deposition and Dr. Shannon's continued deposition will not be able to be scheduled until after January 2, 2026, which is the current deadline to complete expert discovery.

D.    **STATEMENT OF GOOD CAUSE:**

As addressed above, several of the expert depositions previously on calendar needed to be rescheduled due to Plaintiff's counsel's illness, the need for an updated life care plan from Dr. Shannon, and unforeseen circumstances which resulted in moving Dr. Shannon's and Dr. Grover's depositions past the prior expert discovery cutoff.  The deposition of Dr. Jaswinder Grover and the continued deposition of Dr. Shannon are still to be scheduled.  To account for these and any further unexpected scheduling issues, the parties agree to a 60-day extension of all remaining deadlines. There is good cause for this extension because 1) the parties are diligently communicating to schedule depositions of these two remaining experts, 2) the parties have tentatively scheduled the depositions of the two remaining experts, and 3) the parties would be prejudiced if the retained experts identified by each party cannot be deposed. The parties stipulated to the requested extension and proposed the stipulation to the Court as soon as practicable.

E.    **CURRENT SCHEDULE FOR COMPLETING DISCOVERY:**

| | |
|---|---|
| Close of Expert Discovery: | January 2, 2026 |
| Dispositive Motion Deadline: | February 5, 2026 |
| Joint Pre-Trial Order: | March 4, 2026 |

F.    **PROPOSED SCHEDULE FOR COMPLETING DISCOVERY:**

| | |
|---|---|
| Close of Expert Discovery: | March 2, 2026 |
| Dispositive Motion Deadline: | April 6, 2026 |
| Joint Pre-Trial Order: | May 4, 2026 |

**G.    CURRENT TRIAL DATE:**

There is no trial date set for this matter.

WHEREFORE, the parties respectfully request this Honorable Court adopt the parties' foregoing discovery stipulation.

**F.    DECLARATION OF EXCUSABLE NEGLECT BY ERAN LAGSTEIN:**

**Please see Exhibit 1 attached hereto.**

Respectfully submitted,

Dated this 23rd day of January 2026

LAGSTEIN LAW FIRM, P.C.

*/s/ Eran Lagstein*
Eran Lagstein
5940 South Rainbow Boulevard
Las Vegas, Nevada 89118
eran@lagsteinlawfirm.com
*Attorney for plaintiff Deborah Kim*

Dated this 23rd day of January 2026

HENNELLY & GROSSFELD LLP

/s/ Michael King
Michael G. King
Nevada Bar No. 8827
10900 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
*Attorneys for Emerson Process Management Power & Water Solutions, Inc. and Brendan Wesolowski*

WINNER & BOOZE

/s/ Tracey Howard
Tracey B. Howard
Nevada Bar No. 4543
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorney for Emerson Process Management Power & Water Solutions, Inc. and Brendon Wesolowski*

## [PROPOSED] ORDER

On review of the foregoing stipulation of the parties and finding good cause therefore, **IT IS SO ORDERED** that the deadlines are extended, as requested and written herein.

_____
Hon. Maximiliano D. Couvillier III
Magistrate Judge of the United States
District Court, District of Nevada
1-26-26